**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08-cr-0224 OWW |
| | ) | |
| Plaintiff, | ) | ORDER RE: DEFENDANT'S |
| | ) | MOTION FOR REVOCATION OF |
| v. | ) | DETENTION ORDER |
| | ) | |
| RAY MARTIN HEFFINGTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Defendant, Ray Martin Heffington's, motion for revocation of the Magistrate Judge's detention order.  Defendant is currently in custody awaiting trial, under a three count indictment for conspiracy to traffic in certain motor vehicles or motor vehicle parts, conspiracy to operate a chop shop, and operation of the chop shop.  Two of the counts carry five year maximums and the third count, a maximum fifteen year penalty.  The aggregate potential maximum time in prison is 25 years.

At the current time, the government does not contend that the Defendant is a flight risk.  Defendant emphasized that when he learned that he had been indicted, he contacted authorities

1

and sought to surrender.

## STANDARD OF REVIEW

The District Court reviews the evidence in a motion for reconsideration of a Magistrate Judge's detention order *de novo* and without deference.  18 U.S.C. § 3145(b); United States v. Fernandez-Alfonso, 813 F.2d 1571, 1573 (9th Cir. 1987); United States v. Koenig, 912 F.2d 1190, 1193 (9th Cir. 1990) (Magistrate Judge's order is entitled to no deference, nor is district court required to adopt any factual findings made by the Magistrate Judge).

In proceedings below the Magistrate Judge found that the nature and circumstances of the offenses charged, including conspiracy and operating a chop shop and dealing in interstate stolen motorcycle parts, together carried a maximum penalty of twenty years; that the Defendant had a significant prior criminal record; and that the Defendant posed a serious risk that he will obstruct justice if released.  No finding was made that the Defendant was a flight risk.

A.    Legal Standards

The Bail Reform Act mandates the release of a prisoner pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  Under 18 U.S.C. § 3142(f)(2)(B), detention is prescribed in any case where there is "a serious risk that [the defendant] will obstruct or attempt to obstruct justice, or

threaten, injure, or intimidate, or attempt to threaten, or intimidate, a prospective witness or juror."

In this case, none of the offenses are specified by 18 U.S.C. § 3142(e), raising a rebuttable presumption where the specific offense is charged and a minimum term of imprisonment of ten years or more is prescribed. The presumption does not apply in this case.

The factors to be considered in addition to the provisions of § 3142(f)(2)(B), are prescribed by § 3142(g) and include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and whether at the time of the current offense or arrest, the person was on probation or parole or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law;
>
> (4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

B.   **Burden of Proof**

The government bears the burden of showing a danger to the community by clear and convincing evidence. United States v. Gebro, 948 F.2d 1118, 1121. Judge Reinhardt for the Ninth Circuit notes in United States v. Hir, 517 F.3d 1081, 1089 (9th Cir. 2008): "The current statute, the "Bail Reform Act of 1984 was enacted, in large part, to address growing concerns that

dangerous individuals were committing crimes while released on bail." In passing the 1984 Act, Congress criticized the earlier statute for "fail[ing] to grant the courts . . . the authority to deny release to those defendants who pose an especially grave risk to the safety of the community." Id. at 1089. "Congress explained that the 'broad base of support for giving judges the authority to weigh risks to community safety and pretrial release decisions is a reflection of a deep public concern, which the Committee shares, about the growing problems of crimes committed by persons on release.'" Hir, id., at p. 1089, quoting 1984 U.S.C.C.A.N. 3182, 3188; S.Rep.Nos. 98-225, at 5 (1983).

C. <u>Defendant's Good Faith on Release</u>

The Ninth Circuit specifically recognizes the effectiveness of conditions of release depend upon Defendant's good faith - or lack of it. If conditions can too easily be circumvented or manipulated, they are not effective. Hir, at p. 1093, quoting <u>United States v. Tortora</u>, 922 F.2d 880, 887, fn.11 (1st Cir. 1990). The release creates the necessity that Defendant be trusted to comply with all release conditions.

D. <u>Findings of Fact</u>

Defendant's self-surrender was a responsible act. However, at the time he was subject to a pretrial release order in a pending felony state case in the County of Fresno, State of California and the government contends Defendant knew he would be arrested and his release revoked in the State case upon his indictment and arrest in this case.

Criminal records reveal the Defendant has used two different dates of birth, two different Social Security numbers, and two different driver's license numbers.  This conduct is direct evidence of Defendant's prior lack of truthfulness and is considered against Defendant's trustworthiness.

The Defendant is an admitted member of the Hell's Angels outlaw motorcycle club.  He was, at the time of his arrest, the President of the Merced Chapter; was a member of the Hell's Angels for six years prior to his arrest on July 16, 2008; and is known by the moniker "Ray-Ray."

E.   Additional Findings of Fact and the Factors Applied

   1.   Nature and Circumstances of the Offense Charged

The charged offenses arise out of an alleged chop shop operation and trafficking in interstate and international stolen motorcycles and motorcycle parts by a Robert B. Holloway, a former Stanislaus County Sheriff's Deputy, who conducted business under the name Road Dog Cycle, with at least three outlaw motorcycle gangs.  Holloway made arrangements to provide motorcycles, service and parts to club members and club prospects in return for the alleged cooperation from club presidents and members to use coercion, intimidation, and violence, if necessary, to enforce obligations to Road Dog Cycle owed by Hell's Angel and other motorcycle gang members or prospects, who did business with Road Dog Cycle, in the event such customers failed to meet their obligations.

Further allegations are made that existing law enforcement officers of the Stanislaus County Sheriff's Office assisted

5

Holloway and co-conspirators by providing law enforcement information about investigation, surveillance, and other facts concerning law enforcement focus on Road Dog Cycle, other co-conspirators, and the Defendant.  No direct evidence that the Defendant engaged in violence in this case has been adduced. Evidence of statements and actions that can be viewed as threatening and coercive toward persons who failed to meet financial and other obligations to Road Dog Cycle by other members of the alleged conspiracy and/or aiders and abetters have been adduced.

Evidence suggesting Defendant's knowledge and participation in providing stolen motorcycle parts, and reassembled motorcycles, have been provided in the government's latest submission.  Intercepted telephone statements of alleged co-conspirators calling for the assignment of collection or enforcement duties to Defendant concerning the allegedly stolen bike sold to an individual Donald Foster suggests that "Defendant should be given a name and address" of the Hell's Angel prospect whose bike was allegedly stolen for non-payment of obligations. The statements of Foster to law enforcement support a finding his motorcycle was stolen.  The government refers to evidence that parts of the Foster motorcycle were transported by the Defendant to Road Dog Cycle and given to Robert Holloway, the alleged leader of the charged conspiracy.

The crimes are serious.  There is direct and circumstantial evidence that efforts were made to intimidate confidential witnesses and/or informants, and/or cooperating witnesses.

This factor weighs against the Defendant.

2. **The Weight of the Evidence Against the Defendant**

Reference is made to the facts discussed above under the first factor, which describe, in evidentiary detail, as do recorded, intercepted conversations, submitted by the government, which involve the Defendant in conduct which is substantial evidence supporting the charges.  This is the least important factor.

This factor weighs against the Defendant.

3. **Defendant's History, Character, Past Conduct and Criminal History**

This factor weighs decidedly against the Defendant.  He has five prior convictions for which he has received extremely generous and beneficial treatment by the justice system and apparently has not learned from the consideration he has been given by courts.  His first contact with law enforcement was in 1987 where he was charged with serious bodily injury, obstructing and resisting arrest.  The disposition of that case is unknown.  He was convicted in 1989 of planting and cultivating marijuana/hashish.  Those proceedings were suspended and the Defendant completed a diversion program.  In 1993 the Defendant was convicted of obstructing, resisting a public officer, and battery.  The Defendant received 24 months probation and 5 days jail.  In 1994 the Defendant was charged with assault with a deadly weapon, not a firearm with great bodily injury likely, assault and vandalism.  The case was resolved by a plea to misdemeanor vandalism for which the Defendant received four days jail and a fine.  In 1995 the Defendant was charged with

terrorist threats and stalking.  That case was dismissed in the furtherance of justice.

In 1997 the Defendant was convicted of felony possession of concentrated cannabis.  He was sentenced to 60 months probation, 120 days jail, his conviction was subsequently set aside and dismissed under California Penal Code § 1203.4, which does not prevent the conviction from being counted and evaluated for Federal purposes.

In 1999, the Defendant was arrested for receiving known stolen property.  The prosecution was not pursued for lack of evidence.  In 2003 the Defendant was convicted of misdemeanor possession of marijuana of 1 oz. or less while driving and failure to provide proof of insurance, having been originally charged with driving under the influence of alcohol and drugs and possession of 1 oz. or less of marijuana while driving.  The Defendant received a one year probationary sentence and a one day jail term.

In 2006 the Defendant was charged with felony gun charges with a gang enhancement in the Superior Court for the County of Fresno, for which the Defendant was on pretrial release at the time of his arrest in this case.  The government represents that the allegations in that case are that the Defendant was carrying a firearm with other Hell's Angels as they were enroute to a meeting in San Bernardino.  The government contends that Defendant was carrying the firearm for protection from rival gang members.

The activities in the current conspiracy, chop shop, and interstate trafficking in motorcycle parts and motorcycles

8

occurred in the year 2007, while Defendant was President of the Merced Hell's Angels Chapter.

There are two additional pending cases in Madera County, California. One arising April 12, 2008, in which the Defendant is alleged to have made criminal threats against an individual who was in the company of his former significant other. The second case arising on June 27, 2008, shortly before Defendant's arrest involved a charge of criminal threats and participation in a criminal street gang which also involved threatening behavior by Defendant and in which Defendant claims there is insufficient evidence against him to establish criminal conduct.

Criminal records show the Defendant has used two different dates of birth, two different Social Security numbers, and two different driver's license numbers.

The Pretrial Services Officer notes that the Defendant is charged with serious offenses carrying maximum statutory penalties totaling 25 years in custody and fines totaling $750,000.

The Defendant has a lengthy criminal history, records of convictions for drug-related offenses, crimes of violence, he was on bond from Fresno County Superior Court for pending weapons charges, when this case arose, and has a lengthy history of illegal drug use.

4.   <u>Nature and Seriousness of Danger to Any Person or the Community</u>

Based on the totality of the record circumstances and government representations to the Court, there have been threats

9

concerning cooperating witnesses, informants, and/or alleged victims.  None of these are specifically referable to Defendant. The government points to the modus operandi of Hell's Angel motorcycle clubs as employing violence, intimidation, and threats to dissuade witnesses and victims from testifying in their cases. The direct and circumstantial evidence submitted in this case, suggests that co-conspirators have solicited or agreed to the use of intimidation, extortion, and/or violence to enforce obligations of outlaw motorcycle gang prospects or members who owe obligations and do not meet their obligations to the alleged co-conspirator's business, Road Dog Cycle.  The evidence on this factor is less than the other factors, but of concern.

## CONCLUSION

     Based on the long-standing (over 20 years) history of criminal activities involving drugs, violence, terrorist threats, and maintaining a current active leadership role in an outlaw motorcycle gang, while awaiting trial on felony charges in the State Court and with two additional terrorist threat cases and gang-related activity charges occurring shortly before Defendant's arrest in 2008; in further view of Defendant's prior lack of truthfulness in dealing with law enforcement; and the likelihood that his beliefs and active membership in a notorious outlaw motorcycle gang, motivate a lawless lifestyle, the facts clearly and convincingly establish that there are no conditions or combination of conditions that will protect any person or the community from Defendant.

     While conditions of release depend upon good faith

compliance and trust, including truth-telling; where, as here, the Defendant is a leader of an outlaw motorcycle gang, has previously made false statements to law enforcement about his identifying information, has allegedly engaged in a conspiracy to traffic in stolen motorcycles and motorcycle parts, accompanied by use of intimidation and extortion, in conjunction with the Defendant's extended criminal record, including crimes of violence, narcotics convictions, terrorist threats, and his role as President of the local Merced chapter of a club that, by its proclamations and tenets, is outside the law; there is an unacceptably high risk the Defendant will not comply in good faith nor can he be trusted to comply with proposed conditions or any combination of conditions imposed upon him to protect the community or any other person.

    For all the reasons stated, Defendant's Motion to Revoke the Detention Order of the Magistrate Judge is DENIED.

IT IS SO ORDERED.

Dated:   January 15, 2009               /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE